United States District Court
Southern District of Texas
**ENTERED**
February 02, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| SERGIO DANIEL GONZALES, § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. B-17-cv-237 |
| § | |
| LORIE DAVIS, Director, Texas § | |
| Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| Respondent. § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Before the Court is Sergio Daniel Gonzales's pro se "Leave to File Second Writ of Habeas Corpus under a Claim of Actually Innocent under 28 U.S.C. § 2254 and Request an Evidentiary Hearing" (hereinafter, Gonzales's "Petition"). Dkt. No. 1. The Court has determined that it lacks subject matter jurisdiction over Gonzales's Petition. It is recommended that the Petition be **DISMISSED**. It is further recommended that no certificate of appealability shall issue.

### I.  Background

Pursuant to a plea agreement, Sergio Daniel Gonzales pleaded guilty to aggravated assault of a public servant with a deadly weapon on May 6, 2003. *Sergio Daniel Gonzales*

*v. Stephens*, No. 1:14-CV-00216, Dkt. No. 11-1 at 38.[1] The Petition seeks to attack Gonzales's conviction for this offense. Dkt. No. 1 at 22. Gonzales previously filed a 28 U.S.C. § 2254 petition related to the same conviction on October 27, 2014 ("First Petition"). *Gonzales*, No. 1:14-CV-00216, Dkt. No. 1. In his First Petition, Gonzales raised the following grounds for relief: (1) "actual innocence," and denial of due process when the State withheld favorable evidence; (2) ineffective assistance of counsel for failure to investigate favorable evidence; (3) denial of due process when the state trial court did not hold an evidentiary hearing on his motion to withdraw a plea of guilty; and (4) denial of the ability to file a timely appeal. *Id.* at 7–10. Notably, for his claim of actual innocence, Gonzales asserted that previously withheld evidence showed he was attempting to flee the scene in question the night he was arrested, rather than attempting to drive a car into a police officer as was alleged in the indictment. *Id.* at 8; *Gonzales*, No. 1:14-CV-00216, Dkt. No. 11-1 at 36. The First Petition argued that if this evidence had been disclosed to Gonzales's trial counsel, Gonzales would not have been advised to accept a plea bargain. *Gonzales*, No. 1:14-CV-00216, Dkt. No. 1 at 8.

In his Report & Recommendation ("R&R"), United States Magistrate Judge Ronald G. Morgan recommended dismissal of the First Petition as untimely filed. *Gonzales*, No. 1:14-CV-00216, Dkt. No. 20. The R&R construed Gonzales's claims as follows: "(1) the State withheld exculpatory evidence; (2) his counsel was ineffective because he did not undertake an adequate investigation; (3) the 197th Court should have held an evidentiary hearing on his motion to withdraw his guilty plea; and, (4) the withholding of the

---

[1] The full background of Gonzales's case is detailed in the Report and Recommendation addressing his First Petition. *Gonzales*, No. 1:14-CV-00216, Dkt. No. 20 at 1–5. The Court has emphasized the facts most relevant to the instant § 2254, and incorporates the remainder of the facts by reference.

exculpatory evidence denied Gonzales a timely appeal." *Id.* at 4. While Gonzales had labeled his first ground for relief as actual innocence, the R&R noted that Gonzales was not asserting that he was actually innocent, but instead arguing that the State withheld evidence, and "that if the evidence had been available to him, he would have chosen to go to trial and may have been acquitted." *Gonzales*, No. 1:14-CV-00216, Dkt. No. 20 at 9. The R&R was adopted by the district court on August 19, 2015, and Gonzales's First Petition was dismissed as untimely filed. *Gonzales*, No. 1:14-CV-00216, Dkt. No. 23.

This Petition followed on November 22, 2017. Dkt. No. 1. Gonzales raises the following claims regarding his conviction: (1) he is actually innocent, again due to the same favorable evidence which would have led Gonzales to take his case to trial rather than accept a plea agreement; (2) the State withheld evidence; (3) ineffective assistance of counsel due to a failure to investigate the evidence; and (4) the 197th Judicial District Court denied Gonzales due process of law by not holding an evidentiary hearing on his motion to withdraw a plea of guilty. *Id.* at 7–19; 26–27.

## II.  Legal Standard

The applicable provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") govern petitions brought under 28 U.S.C. § 2254. *Lindh v. Murphy*, 521 U.S. 320, 335–336 (1997). Pursuant to the AEDPA, a federal court may not grant habeas relief based upon a claim that was adjudicated on the merits by a state court unless the state court's decision: (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2)

"was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Harrington v. Richter*, 562 U.S. 86, 97–98 (2011). Passage of the AEDPA has made it "significantly harder for prisoners filing second or successive federal habeas applications" to obtain a merits review of their claims. *Graham v. Johnson*, 168 F.3d 762, 772 (5th Cir. 1999), *cert. denied*, 529 U.S. 1097 (2000). A subsequent petition is "successive" within the meaning of 28 U.S.C. § 2244 when it "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Section 2244 provides that prisoners may file a second or successive habeas application under limited circumstances. 28 U.S.C. § 2244(b)(2). But "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This requirement "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the court of appeals] has granted the petitioner permission to file one." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

### III. Discussion

Gonzales styles his filing as "Leave to File Second Writ of Habeas Corpus under a Claim of Actually Innocent under 28 U.S.C. § 2254 and Request an Evidentiary Hearing." Dkt. No. 1 at 1. In his filing, Gonzales does not request leave of the Court to file a

successive petition, but instead presents his arguments and grounds for relief, including a newly completed petition for a writ of habeas corpus under § 2254, signed by Gonzales on November 20, 2017. Dkt. No. 1 at 30. Because Gonzales's claims were raised in an earlier petition—and, in the alternative, *could* have been raised in the earlier petition—the Court construes Gonzales's Petition as a successive petition. *Cain*, 137 F.3d at 235; *see also Brewer v. Quarterman*, No. 3:08-CV-0847-L; 2008 WL 2531396, at *1–2 (N.D. Tex. June 20, 2008) (construing a filing titled "motion for leave to file a second or successive habeas corpus petition" as a successive petition). Dismissal of Gonzales's Petition is proper for two reasons.

### A. Gonzales has previously raised his claims.

Gonzales's Petition appears to raise the same claims previously brought in his First Petition, with additional emphasis on the ground of "actual innocence." Under Section 2244, "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. 2244(b)(1); *see also Gonzalez v. Davis*, No. H-16-1304, 2016 WL 3032772, at *1 (S.D. Tex. May 26, 2016) ("To the extent that petitioner raises the same claims in the present petition that he raised in his previous petitions, this Court is required to dismiss those claims."). Each of the claims raised in Gonzales's Petition also formed the basis of his First Petition. *Compare* Dkt. No. 1 at 7–19 *and* Dkt. No. 1 at 26–27 *with Gonzales*, No. 1:14-CV-00216, Dkt. No. 1 at 7–10. The R&R considered each of these claims in recommending dismissal of the First Petition. *Gonzales*, No. 1:14-CV-00216, Dkt. No. 20 at 4, 9. The district court adopted the R&R and dismissed the First Petition as untimely,

which raises the jurisdictional bar against successive petitions. *Gonzales*, No. 1:14-CV-00216, Dkt. No. 23; *see In re Garrett*, 633 Fed. Appx. 260, 261 (5th Cir. 2016) ("[W]e have treated as successive a § 2254 application containing claims the applicant raised or could have raised in his first § 2254 application that had been dismissed as untimely."); *In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009) (holding a petition claiming actual innocence to be a successive petition where an earlier petition was dismissed as time-barred).

Despite Gonzales's increased emphasis on actual innocence in this Petition, his assertions are not new. Gonzales also named his first ground for relief as "actual innocence" in his First Petition. *Gonzales*, No. 1:14-CV-00216, Dkt. No. 1 at 7. The R&R determined that Gonzales was not asserting he is actually innocent of the offense, but instead arguing that the State withheld evidence, and that if the evidence had been disclosed, Gonzales would have taken his case to trial and not accepted a plea agreement. *Gonzales*, No. 1:14-CV-00216, Dkt. No. 20 at 9. The same is true here. Dkt. No. 1 at 10 ("[Trial counsel] would (NOT) have recommended that Petitioner accept the offer of deferred adjudication if he had known about this statement . . . Petitioner has demonstrated that the first part of his actual innocence claim has true merits and that his Constitutional right to have a fair trial or plea been violated by the prosecution misconduct for failing to disclose favorable evidence to him."); *see also* Dkt. No. 1 at 18 ("Petitioner has clearly demonstrated that his claim of (Actual Innocence) is a valid claim. He was decieved and mislead by the prosecutor[.]").

In sum, the grounds for relief before the Court were previously raised in Gonzales's earlier § 2254 petition and dismissed as untimely filed. *Gonzales*, No. 1:14-CV-00216, Dkt.

Nos. 1, 23. The Court lacks jurisdiction to consider these previously raised claims. 28 U.S.C. § 2244(b)(1). Therefore, the Petition should be dismissed.

### B. Gonzales did not seek authorization from the Fifth Circuit.

Even if Gonzales's claims could be construed as new, dismissal is still warranted based on his failure to show authorization from the Fifth Circuit to file a successive petition. 28 U.S.C. § 2244(b)(3)(A). District courts lack jurisdiction over a successive habeas petition where the petitioner does not show that he has the authorization of the court of appeals. *Burton v. Stewart*, 549 U.S. 147, 157 (2007) ("Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it."); *Barnes v. Stephens*, No. H–13–02154, 2013 WL 4401434, at *4 (S.D. Tex. Aug. 15, 2013) ("Absent such authorization, this Court lacks jurisdiction over the petition."). This is true even where the petitioner asserts a claim of actual innocence. *Id.* at *1–4.

Here, Gonzales does not indicate that he sought or received authorization from the Fifth Circuit to file a successive habeas petition. Only the Fifth Circuit would be able to grant Gonzales the authorization needed to pursue a successive habeas application. *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (providing the process for a prisoner to seek authorization from the Fifth Circuit to file a successive § 2254). Absent this authorization, the Court is without jurisdiction to consider his successive petition, and dismissal is proper. *See Venegas v. Stephens*, No. 2:12–CV–306, 2013 WL 5530600, at *3 (S.D. Tex. Oct. 4, 2013) ("Because Petitioner has presented neither argument nor evidence indicating

that he will be able to make a prima facie showing that his application satisfies the statute, dismissal without prejudice would be more efficient and better serve the interests of justice than a transfer to the Fifth Circuit.").

## IV. Certificate of Appealability

A certificate of appealability shall not issue unless the petitioner/movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotations and citations omitted). Said another way, where claims have been dismissed on the merits, the movant/petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. Where claims have been dismissed on procedural grounds, the movant/petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability should not issue in this case as Gonzales has not shown that jurists of reason could debate the denial of his Petition on procedural grounds. The denial

of a certificate of appealability would not impact Gonzales's ability to seek leave for filing a secondary petition in the Fifth Circuit. *Boones v. Director*, No. 6:13-CV-974, 2014 WL 1118160, at *2 (E.D. Tex. Mar. 19, 2014).

## V. Recommendation

It is recommended that Gonzales's Petition be **DISMISSED** without prejudice to filing a motion seeking authorization of a secondary petition in the United States Court of Appeals for the Fifth Circuit. *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). It is further recommended that no certificate of appealability shall issue.

## VI. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 2nd day of February, 2018.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**