**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| SERGIO DANIEL GONZALEZ, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 1:17-cv-237 |
| | § | |
| LORIE DAVIS, Director, Texas Department | § | |
| of Criminal Justice, Correctional Institutions | § | |
| Division, | § | |
| Respondent. | § | |

**ORDER ADOPTING MAGISTRATE**
**JUDGE'S REPORT AND RECOMMENDATION**

Before this Court is the "Magistrate Judge's Report and Recommendation" (Docket No. 5) in the above-referenced civil action. In response, Petitioner filed a "Leave to File Motion for an Extension of Time to Request the Fifth Circuit Court of Appeals to Give the U.S. District Court Authorization in Response to Magistrate Judge's Report and Recommendation" (Docket No. 7) (hereafter "Petitioner's Response"). Specifically, Petitioner's Response requests a forty-five (45) day extension to petition the Fifth Circuit for authorization to file Petitioner's instant habeas motion before this Court. *See* Docket No. 7, at 3.

This court lacks jurisdiction over a habeas action that is "second or successive" where the petitioner does not show that he has the authorization of the court of appeals. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007). As a result, "[t]his court may either dismiss the claim without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, or it may transfer the successive petition to the Fifth Circuit for a determination of whether Petitioner should be allowed to file the successive motion in the district court." *Venegas v. Stephens*, No. 2:12-CV-306, 2013 WL 5530600, at *2–3 (S.D. Tex. Oct. 4, 2013) (citing 28 U.S.C. § 2244(b)(3)(A); *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir.2002)). Where a petitioner has "presented neither argument nor evidence indicating that he will be able to make a prima facie showing that his application satisfies the statute, dismissal without prejudice would be more efficient and better serve the interests of justice than a transfer to the Fifth Circuit." *Venegas*, 2013 WL 5530600, at *3.

In order to successfully obtain authorization from the Fifth Circuit, Petitioner would need to "make a prima facie case showing that either (1) his claim relies on a new rule of constitutional law that was made retroactive by the Supreme Court and was previously unavailable, or (2) the factual predicate for the claim could not have been discovered previously through due diligence and the underlying facts, if proved by clear and convincing evidence, would be sufficient to establish that a reasonable trier of fact would not have found the applicant guilty of the underlying offense." *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997); *see also* 28 U.S.C. § 2244(b)(2). In Petitioner's Response, Petitioner does not attempt to meet his burden under *Epps* and Section 2244. Rather, Petitioner incorrectly categorizes the Magistrate Judge's Report and Recommendation, and reasserts his claim of innocence as a "valid claim" without proving that his claim relies on "a new rule of constitutional law" or the facts underlying his claim "could not have been discovered previously." As the Magistrate Judge's Report and Recommendation explains, Petitioner's claim of actual innocence was the same assertion that Petitioner made in his first petition, which was dismissed as untimely. *See Gonzalez,* No. 1:14-cv-00216, Docket No. 20.

Therefore, Petitioner's claims in the instant case are dismissed without prejudice, which does not preclude Petitioner from attempting to obtain proper authorization from the Fifth Circuit to file his second or successive petition. *See id.* Likewise, this Court's denial of a Certificate of Appealability relates only to an appeal of this decision, and has no effect on Petitioner's right to seek permission from the Fifth Circuit to refile his second or successive petition. *See Boones v. Director*, No. 6:13-cv-974, 2014 WL 1118160, at *2 (E.D. Tex. Mar. 19, 2014).

In addition, this Court is in receipt of Petitioner's "Leave to File Motion for Court Documentation to Comply with the Fifth Circuit's Request" (Docket No. 9) (hereafter "Petitioner's Request"). This Court construes Petitioner's Request as a request to obtain the necessary documentation requested by the Fifth Circuit in his current application to obtain authorization. *See* Docket No. 9, at 2. To that extent, Petitioner's Request is hereby **GRANTED** and the Clerk of the Court is hereby **ORDERED** to send Petitioner the following documents: (a) Docket Nos. 1, 5, 7, in this case; and (b) in 14-cv-216: Docket Nos. 1, 2, 20, 23. This Court acknowledges, however, that each of the above-referenced documents have previously been sent via certified mail to Petitioner, and any further requests for documentation previously delivered to Petitioner will not be entertained.

After a *de novo* review of the record, the Magistrate Judge's Report and Recommendation is hereby **ADOPTED** and Petitioner's "Leave to File Second Writ of Habeas Corpus under a Claim of

Actually Innocent under 28 U.S.C. Sec.2254 and Request for Evidentiary Hearing" (Docket No. 1) is hereby **DISMISSED WITHOUT PREJUDICE**. The Certificate of Appealability is also hereby **DENIED**.

Signed on this ___20th___ day of ___March___, 2018.

Rolando Olvera
United States District Judge